UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: :
JAMES MICHAEL BROLLEY :
       Debtor. :
*************************************************************************
WILMINGTON TRUST, National :
Association not in its individual capacity, :
but solely as Trustee for VM Trust Series 3, :
a Delaware Statutory Trust :
        :
       Movant, :
        : CHAPTER 13
  vs. :
JAMES MICHAEL BROLLEY : CASE NO. 5-17-04168
        :
       Respondents. :
*************************************************************************

**DEBTOR'S ANSWER TO MOTION FOR RELIEF FROM
AUTOMATIC STAY UNDER SECTION 362**
*************************************************************************

AND NOW COMES, James Michael Brolley, the Debtor, and files an Answer to Wilmington Trust's Motion for Relief From the Automatic Stay:

1. Denied. Movant is not holder in due course as it does not hold the original note and there are invalid subsequent assignments of mortgage

2. Admitted in part, denied in part. It is admitted that James Michael Brolley is the owner of property located at 150 Laurel Drive, Mountain Top, PA 18707 and Helen A. Brolley, deceased is the mortgagor on the mortgage. It is denied that documentation attached as Exhibit "A" supports the right to seek lift of stay and right to foreclose and strict proof is hereby demanded at trial.

3. Admitted

4. Denied. Movant is not holder in due course of the note and does not hold the original note. Further, the subsequent assignments of mortgage are invalid as Movant is not in possession of the original note.

5. Admitted.

6. Denied. Debtor's Chapter 13 Plan does not call for direct payments to be made to the Movant. Debtor's Chapter 13 Plan indicates that Movant's lien will be avoided via Adversary and Debtor intends to utilize 11 U.S.C. Section 522(h), (i) and Section 544 to avoid the Movant's mortgage.

7. Denied. The statements contained in Paragraph 7 are a conclusion or conclusion of law. Strict proof is demanded at trial

8. Denied. The statements contained in Paragraph 8 are a conclusion or conclusion of law. Strict proof is demanded at trial

9. Denied. The statements contained in Paragraph 9 are a conclusion or conclusion of law. Strict proof is demanded at trial

WHEREFORE, the Debtor respectfully requests that Movant's Motion for Relief from the Automatic Stay be denied WHEREFORE

## **AFFIRMATIVE DEFENSES**

10. Movant is not holder in due course as it does not hold the original note and there are invalid subsequent assignments of mortgage.

11. Movant's mortgage violates the Helping Families Save Their Home Act.

12. Debtor is not personally liable under the note as his mother, Helen Brolley, signed the Note.

13. Debtor owns the real property located at 150 Laurel Drive, Mountaintop, PA

18707.

14. Debtor did not sign the mortgage dated February 7, 2003.

15. The Movant's mortgage is not valid mortgage lien against the property and said lien is subject to Debtor/ Trustee's strong arm powers pursuant to 11 U.S.C. Section 522(h), (i)and 544. to declare the mortgage lien as being invalid against the real property.

17. The Debtor has a separate and independent claim pursuant to Bankruptcy Court to avoid the mortgage and declare it invalid and fraudulent. Therefore, this Court is not barred by "Rooker-Feldman Doctrine" nor by res judicata to consider same and declare the mortgage as invalid and void as mortgage lien against property owned by the Debtor.

18. The original mortgage and note signed by Helen Brolley, mother of Debtor, was secured by fraudulent means against elderly lady.

19. On November 13, 2003, the Debtor became owner of the real property.

20. Helen Brolley passed away on March 15, 2006.

21. At no time, did Debtor sign the note and mortgage nor assume any legal liability.

22. The Movant is not holder in due course of the original note signed by Helen Brolley, and therefore, the Movant is not proper party to file secured claim in this case and has no standing to enforce alleged mortgage against this property.

23. Any assignment made to the Movant during the foreclosure litigation is subject to attack and challenged as it does not hold the original note and Movant failed to comply with The Help Families Save Their Homes Act.

24. Importantly, there are no subsequent and valid endorsements of the Original Note to the Movant. The copy of the Note attached to Proof of Claim reveals specific endorsement to Wells Fargo Home Mortgage, Inc.

WHEREFORE, the Debtor respectfully requests that Movant's Motion for Relief from the

Automatic Stay be denied.

                                          Respectfully submitted,

Date: March 6, 2018                  /s/Tullio DeLuca
                                          Tullio DeLuca, Esquire
                                          PA ID# 59887
                                          381 N. 9th Avenue
                                          Scranton, PA 18504
                                          (570) 347-7764

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: :
JAMES MICHAEL BROLLEY :
          Debtor. :
***************************************************************************
WILMINGTON TRUST, National :
Association not in its individual capacity, :
but solely as Trustee for VM Trust Series 3, :
a Delaware Statutory Trust :
           :
          Movant, :
           : CHAPTER 13
    vs. :
JAMES MICHAEL BROLLEY : CASE NO. 5-17-04168
           :
          Respondents. :
***************************************************************************

## CERTIFICATE OF SERVICE
***************************************************************************

The undersigned hereby certifies that on March 6, 2018, he caused a true and correct copy of Debtor's Answer to Wilmington Trust's Motion for Relief from the Automatic Stay to be served Via First Class United States Mail, Postage Pre-paid in the above-referenced case, on the following:

      Charles J. DeHart, III, Esq. at dehartstaff@ramapo.com

      James Warmbrodt, Esq. at Jwarmbrodt@kmllawgroup.com

      James Michael Brolley ( Via Email and First Class Mail)
      150 Laurel Drive
      Mountaintop, PA 18707

Dated: March 6, 2018                 /s/Tullio DeLuca
                                                   Tullio DeLuca, Esquire