```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
```

In re:                                                          Case No. 17-04168-JJT
James Michael Brolley                                           Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-5    User: karendavi    Page 1 of 1    Date Rcvd: Mar 20, 2018
                    Form ID: pdf010    Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 22, 2018.
db        +James Michael Brolley,   150 Laurel Rd.,   Mountain Top, PA 18707-9176
          +Heirs Successors and Assigns of,   Helen A. Brolley Deceased,   150 Laurel Road,
           Mountain Top, PA 18707-9176

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.    TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 22, 2018        Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 20, 2018 at the address(es) listed below:
        Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
        James Warmbrodt   on behalf of Creditor   Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for VM Trust Series 3, a Delaware statutory trust   bkgroup@kmllawgroup.com
        James Warmbrodt   on behalf of Creditor   Wilmington Trust, National Association, et al...   bkgroup@kmllawgroup.com
        Kevin S Frankel   on behalf of Creditor   Wilmington Trust, National Association, et al...   pa-bk@logs.com
        United States Trustee   ustpregion03.ha.ecf@usdoj.gov
        TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: James Michael Brolley aka James M. Brolley, aka James Brolley<br>**Debtor** | **CHAPTER 13** |
| Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for VM Trust Series 3, a Delaware statutory trust<br>**Movant**<br>vs. | **NO. 17-04168 JJT** |
| James Michael Brolley aka James M. Brolley, aka James Brolley<br>**Respondent** | **11 U.S.C. Sections 362 and 1301** |
| Heirs, Successors and Assigns of<br>Helen A. Brolley, Deceased<br>and<br>Charles J. DeHart, III Esq., Trustee<br>**Additional Respondents** | |

## ORDER

Upon consideration of Movant's Motion for Relief from the Automatic Stay, it is:

ORDERED THAT: The Motion for Relief from the Automatic Stay of all proceedings is granted and the Automatic Stay of all proceedings, as provided under Sections 362 and 1301 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (The Code), 11 U.S.C. Section 362 and the Co-Debtor Stay under Section 1301 are modified with respect to the subject premises located at 150 Laurel Drive, Mountain Top, PA 18707 ("Property), so as to allow Movant, its successors or assignees, to proceed with its rights and remedies under the terms of the subject Mortgage and pursue its in rem State Court remedies including, but not limited to, taking the Property to Sheriff's Sale, in addition to potentially pursuing other loss mitigation alternatives including, but not limited to, a loan modification, short sale or deed-in-lieu of foreclosure. Additionally, any purchaser of the Property at Sheriff's Sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the Property.

Dated:  March 20, 2018

By the Court,

_____
John J. Thomas, Bankruptcy Judge (PR)